**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ROBERT BARNHART,

    Plaintiff,

v.                                          CASE NO. 4:11cv450-RH/WCS

THE LAMAR COMPANY, L.L.C.,

    Defendant.

_____/

## ORDER DENYING ATTORNEY'S FEES

The plaintiff Robert Barnhart lost his job with the defendant The Lamar Company, L.L.C., after he suffered an on-the-job injury and complained about the company's unrelated practice of illegally poisoning trees that interfered with its billboards. Mr. Barnhart asserted a claim under the Florida private-whistleblower act, Florida Statutes §§ 448.101–448.105. Summary judgment was entered for Lamar because the injury, not the whistleblower complaint, was the reason Mr. Barnhart lost his job. Lamar has moved for attorney's fees under 28 U.S.C. § 1927 and under the whistleblower's act's prevailing-party fee provision. This order denies the motion.

I

Under § 1927, a court may award fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The statute allows an award against an attorney "who willfully abuse[s] the judicial process by engaging in 'conduct tantamount to bad faith.' " *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991). Bad faith is an objective standard that turns "not on the attorney's subjective intent, but on the attorney's objective conduct." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).

II

Under the private-whistleblower act, a court "may" award fees "to the prevailing party." Fla. Stat. § 448.104. The standard is discretionary. Similar language in Title VII of the Civil Rights Act of 1964 has been held to authorize a fee award to a prevailing employer only if the employee's claim "was frivolous, unreasonable, or groundless," or the employee "continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The same standard applies under a number of other statutes. *See*, *e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169 (11th Cir. 2005). But courts addressing the Florida private-whistleblower act, apparently without exception, have concluded that an employer who moves for a fee award need not make the showing required under cases like *Christiansburg*. *See*, *e.g.*,

*Smith v. Psychiatric Solutions, Inc.*, __ F. Supp. 2d __, 2012 WL 1071956, at *15 (N.D. Fla. March 30, 2012) (collecting cases).

As an original matter, one might well doubt this line of authority. An earlier version of what became § 448.104 set out a standard much like *Christiansburg*'s; the proposal would have allowed an employer to recover fees against an employee who asserted a claim "without basis in law or fact." Florida Senate Staff Analysis and Economic Impact Statement, SB 74, Gen. Session, at 1 (March 29, 1991) (attachment 1 to this order). The language was changed not because it was thought to set too high a standard, but because it ran only in the employer's favor; a more typical "prevailing party" fee provision was substituted. *See* Glenn Lang, Staff Director, Statement of Substantial Changes Contained in Committee Substitute for Senate Bill 74 (attachment 2 to this order). A fair reading of this history gives little reason to believe the legislature intended an employer to be able to recover fees for a claim that, though ultimately unsuccessful, had a basis in law or fact. The legislature was surely aware that in the employment context, prevailing-party fee statutes had uniformly been construed to allow a fee award to a prevailing employer only for frivolous, unreasonable, or groundless litigation.

This order assumes, though, that the courts that have addressed the issue are correct and that an employer may recover fees without meeting a standard like that set out in *Christiansburg*. Even those cases recognize that an award is

Case No. 4:11cv450-RH/CAS

discretionary; an employer is not *entitled* to an award simply because it prevailed. The relative merit of the employee's claim is surely a factor in the analysis.

### III

In sum, under both statutes now at issue—§ 1927 and § 448.104—a fee award is discretionary. Under all the circumstances, I conclude that Lamar should not recover a fee award here. Mr. Barnhart lost this case, and rightly so. But this is not a case in which the facts all cut one way. There was evidence—indeed, it apparently was undisputed—that Lamar poisoned trees. Mr. Barnhart participated in the poisoning for a long period but complained about it after suffering the unrelated injury. After the complaint, Mr. Barnhart did not receive the light duty or other favorable treatment he sought. An employee and his attorney could reasonably conclude under these circumstances that there were good grounds to pursue a whistleblower claim.

When an employee complains about an employer's illegal conduct and has good grounds for doing so, a court should not lightly award fees against the employee or his attorney, even if the employee's whistleblower action ultimately fails. Fees should not be awarded here.

### IV

For these reasons,

IT IS ORDERED:

Case No. 4:11cv450-RH/CAS

Lamar's motion for a fee award, ECF No. 73, is DENIED.

SO ORDERED on October 22, 2012.

                                          <u>s/Robert L. Hinkle                </u>
                                          United States District Judge